UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

WINDY LUCIUS,

    Plaintiff,

v.

CHILI PEPPER OF ROCKY POINT, INC.
dba The Rusty Pelican (Tampa)
and SPECIALTY RESTAURANTS CORPORATION,

    Defendants.
_____/

# COMPLAINT

Plaintiff Windy Lucius ("Plaintiff") by and through her undersigned counsel hereby sues Defendant Chili Pepper of Rocky Point, Inc. doing business at The Rusty Pelican (Tampa) and Defendant Specialty Restaurants Corporation doing business as https://www.therustypelicantampa.com for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq.*

1. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving

rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. and 28 U.S.C. § 2201, § 2202.

3. Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help her navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide her a window into the world that she would not otherwise have. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendants for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to her (a visually impaired customer) the ability

to effectively communicate with Defendants' place of public accommodation despite using the available software for that purpose.

5. Plaintiff is also a "tester" for the purpose of asserting her civil rights. She monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Defendant Chili Pepper of Rocky Point, Inc. (also referenced as "Defendant Rocky Point" or collectively with Defendant Specialty Restaurants Corporation as "Defendants") is a Florida for profit corporation which is the owner and operator of a Rusty Pelican (brand) restaurant which is located within this district and is open to the public. Defendant Rocky Point is defined as a "Public Accommodation" within meaning of Title III because Defendant Rocky Point is a private entity which owns and/or operates a "restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

7. Defendant Rocky Point's Rusty Pelican restaurant (which is the subject of this action) is located at 2425 Rocky Point Drive, Tampa, Florida 33607, and because it is open to the public it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). This Rusty Pelican restaurant is referenced herein as "place of public accommodation," "Rusty Pelican Tampa (restaurant)," "Rusty Pelican Tampa," or "restaurant."

8. The Rusty Pelican Tampa restaurant is one of four Rusty Pelican seafood themed restaurants. There is a second Rusty Pelican restaurant located in the state of Florida at 3201 Rickenbacker Causeway, Key Biscayne, the third Rusty Pelican restaurant is located in Newport Beach California and a forth Rusty Pelican restaurant is located in Mandeville Louisiana. These three Rusty Pelican restaurants are not owned by the Defendant and they do not utilize the same mobile website which is the subject of this instant action, therefore none of these restaurant locations are included within this instant action.

9. Defendant Specialty Restaurants Corporation (also referenced as "Defendant Specialty Restaurants" or collectively with Defendant Rocky Point as "Defendants") is a California corporation authorized to transact business in Florida. On information and belief, Defendant Specialty Restaurants operates more than twenty restaurants throughout the United States including the Rusty Pelican in Key Biscayne Florida, Whisky Red's in Marina Del Ray California, the Whiskey Joe's restaurant chain (Miami, Tampa, Port Richey, Manatee River, and Pensacola Beach), the Reef in Long Beach, Templeton Landing in Buffalo New York, and the Boat House in Ohio[1]. On information and belief, Defendant Specialty Restaurants is the parent corporation of Defendant Rocky Point and as such also is the owner (through

---

[1] See https://www.specialtyrestaurants.com (Our Restaurants - Specialty Restaurants Corporation)

its subsidiary) of the Rusty Pelican Tampa restaurant. Defendant Specialty Restaurants is defined as a "Public Accommodation" within meaning of Title III because Defendant Specialty Restaurants is a private entity which owns and/or operates a] restaurants/bars; see 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

10. Subsequent to the effective date of the ADA, Defendant Specialty Restaurants constructed, or caused to be constructed, the mobile website https://www.therustypelicantampa.com (hereinafter "mobile website") for the benefit and use of Defendant Rocky Point's Rusty Pelican Tampa restaurant location with the intent that the general public access that mobile website on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to the Rusty Pelican Tampa restaurant. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at the Rusty Pelican Tampa restaurant.

11. The mobile website is offered by Defendants as a way for the public to become familiar with the Rusty Pelican Tampa restaurant menu selections, hours of operation, restaurant location, and provides other information the Defendants seek to communicate to the public. The mobile website provides a link to reserve a table for dining within the restaurant and to inquire and book special/private dining events, The mobile website also allows the public to purchase gift cards online for use at

5

Defendant Specialty Restaurant's various restaurants (including the Rusty Pelican Tampa location), and also allows the public to sign up for the e-club in order to be alerted to special offers and events. By the provision of menu selection, reservation services, the ability to inquire and book private events, and the ability to purchase gift cards online, the mobile website is an integral part of the goods and services offered at the Rusty Pelican Tampa restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation to Title III of the ADA[2], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §36.104.

12.     As the owner of the mobile website which is characterized as a service of a Place of Public Accommodation, Defendant Specialty Restaurants is also characterized as a "Public Accommodation" within meaning of Title III under 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §36.104 (2) & (5).

13.     The https://www.therustypelicantampa.com mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device.

---

[2] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice.  The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

Therefore, Defendants are subjected to the ADA because the mobile website is offered as a tool to promote, advertise and sell Defendants' products and services from their Rusty Pelican Tampa restaurant location, which is a place of public accommodation. As a result, the mobile website must interact with the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[3]

14.   The mobile website does not properly interact with the VoiceOver screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other means to accommodate Plaintiff.

15.   Like the seeing community, Plaintiff would like the opportunity to be able to test and use the https://www.therustypelicantampa.com mobile website to comprehend Rusty Pelican Tampa restaurant menu selections, make reservations to dine in the Rusty Pelican Tampa restaurant, inquire and book special/private events, and purchase gift cards online. However, unless Defendants are required to eliminate the access barriers at issue and required to change their policies so that access barriers do not exist, Plaintiff will continue to be denied full and equal access to the

---

[3] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

mobile website and will be deterred from fully using the mobile website or dining at the Rusty Pelican Tampa restaurant which is located within this district.

16. Plaintiff is continuously aware of the violations on the mobile website and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist unless she is willing to suffer additional discrimination.

17. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendants' discriminatory practice.

18. Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which

includes the provision of auxiliary aids and services for such purpose.

21. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

22. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

23. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

24. The mobile website has been designed to integrate with the Rusty Pelican Tampa restaurant through the provision of a reservation service, the ability to inquire about and book private events online, and the provision of a store from which to purchase gift cards online. Therefore, the mobile website is an extension of

the Rusty Pelican Tampa restaurant. By and through its mobile website, Defendants have extended their Rusty Pelican Tampa restaurant into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of the Rusty Pelican Tampa restaurant and as such is integrated with, and is a nexus to, the Rusty Pelican Tampa restaurant brick-and-mortar location and is required by 28 C.F.R. Section 36.303 *et seq*. to provide effective communication to Plaintiff, as a visually impaired person.

25. Plaintiff attempted to access and test the mobile website, but was unable to do so because it contains barriers to effective communication for visually impaired individuals such as herself. Plaintiff continues to be unable to effectively communicate with Defendants through the mobile website and understand the content therein because essential portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to Plaintiff (a VoiceOver screen reader software user) include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i. Guideline 1.3.1 Info and Relationships is violated. Mobile VoiceOver screen reader software users must swipe through all of the unlabeled icons in the *Make a Reservation* form which complicates navigation. For example, the *clock* icon in the *time* field is announced as "t" and the *expand button* icon is announced as "m."

ii. Guideline 2.4.3 Focus order is violated. The mobile website is required to provide focus in a logical order, and this has been violated. Mobile VoiceOver

        screen reader software users are unable to select a date in the *Reservation* form. While focus moves to the *date picker* popup when it is displayed, none of dates are announced. After the *right arrow* button is announced, focus exits the *date picker* popup and moves to the unlabeled icon in the *Time* field.

iii.    Guideline 3.3.2 Labels or Instructions is violated. Elements must be labeled and given instructions, and this mobile website fails to do so. Mobile VoiceOver screen reader software users are instructed to press "shift plus equals" in order to activate the *accessibility* widget although a keyboard is not displayed, therefore mobile VoiceOver screen reader software users are unable to enter this key combination. The *accessibility* widget is the last item announced on this page, so mobile VoiceOver screen reader software users must swipe approximately 46 times before they can access the *accessibility* widget. Once opened, there is no announcement of options for mobile VoiceOver screen reader software users, only a "visual toolkit" is displayed.

iv.    Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. Mobile VoiceOver screen reader software users are unable to access the menus. If a mobile VoiceOver screen reader software user follows the *menu* link on the homepage, then they are taken to a broken link. If a mobile VoiceOver screen reader software user navigates to a menu using the *main menu* landmark, then the page will display, but focus does not move into the main content. Only the *logo*, *main menu icon*, and *scroll bar* are announced. Focus does not move to the *Dinner label*, *content*, *Download PDF button*, or any of the other page content. This inaccessibility issue occurs on every page, including all of the menu pages (with the exception of the homepage).

        26.    In this instant case, the mobile website reservation system is linked to a third party vendor. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to a third party vendor platform does not absolve Defendants of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons

with disabilities to unequal treatment "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves). ADA compliance is a nondelegable duty.

27. As the owner and/or operator and/or beneficiary of the mobile website which serves as a gateway to the Rusty Pelican Tampa restaurant (for making reservations and purchasing gift cards), Defendants are required to comply with the ADA and the provisions cited above. This includes Defendants' obligation to create and maintain a mobile website that is accessible to Plaintiff so that she (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability to test and/or communicate her desire to make a reservation to dine within the Rusty Pelican Tampa restaurant and to purchase gift cards.

28. Defendants have violated the ADA by failing to interface the mobile website which is directly linked to the Rusty Pelican Tampa restaurant with

VoiceOver screen reader software utilized by Plaintiff (a visually impaired individual) (reference violations delineated within paragraph 25) either directly or through contractual, licensing or other arrangements. Defendants' violations have resulted in their denying Plaintiff effective communication on the basis of her disability in accordance with 28 C.F.R. Section 36.303 *et seq*.

29. Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist.

30. As the result of the barriers to communication which are present within the mobile website and by continuing to operate and/or benefit from the mobile website with such barriers, Defendants have contributed to Plaintiff's frustration, humiliation, sense of isolation and segregation and have deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the barriers to effective communication within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website, Plaintiff has been deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and has been deterred and discouraged from doing so. By benefiting from and/or maintaining a mobile website with barriers to effective communication, Defendants have deprived Plaintiff the equality of

opportunity which they offer to the general public.

31. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendants' violations until Defendants are compelled to comply with the requirements of the ADA and conform the mobile website to WCAG 2.1 Level A and AA Guidelines.

32. Plaintiff desires to access the mobile website to assure herself that the mobile website is in compliance with the ADA so that she will be able to comprehend the mobile website. However, Plaintiff has a realistic, credible, existing and continuing fear of not being able to comprehend and test the Rusty Pelican Tampa restaurant reservation service, inquire about private events online and to test for the ability to purchase Rusty Pelican gift cards online due to Defendants' non-compliance with the ADA with respect to the mobile website.

33. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and damage without the immediate relief as requested herein.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendants jointly and severally to alter the mobile website so that it is readily accessible to and usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against

Defendant Chili Pepper of Rocky Point, Inc. and Defendant Specialty Restaurants Corporation and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the Americans with Disabilities Act and 28 C.F.R. Section 36.303 *et seq*.;

b. The Court issue a Declaratory Judgment that Defendants have violated the ADA by failing to monitor and maintain a mobile website which serves as a gateway to the Rusty Pelican Tampa restaurant to ensure that it is readily accessible to and usable by Plaintiff (a visually impaired person);

c. The Court issue an Order directing Defendants to alter the mobile website to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendants provide the appropriate auxiliary aids such that Plaintiff (a visually impaired person) will be able to effectively communicate with the mobile website for purposes of comprehending the Rusty Pelican Tampa restaurant menu selections, ordering/paying for gift cards online, for making reservations to dine within the Rusty Pelican Tampa restaurant, and for inquiring about and booking private dining events online, and during that time period prior to the mobile website's being designed to permit Plaintiff to effectively

       communicate, requiring Defendants to provide an alternative method for Plaintiff to effectively communicate so that she is not impeded from the goods and services which Defendants have made available to the public through the mobile website.

e. The Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures and undertake and complete corrective procedures;

f. The Court enter an Order directing Defendants to continually update and maintain the mobile website to ensure that it is at all times fully accessible and usable pursuant to Title III of the ADA;

g. The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h. The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 8, 2022

                Respectfully submitted,

                */s/ J. Courtney Cunningham*
                J. Courtney Cunningham, Esq.
                J. COURTNEY CUNNINGHAM, PLLC
                FBN: 628166
                8950 SW 74th Court, Suite 2201
                Miami, Florida 33156

Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*